FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

AUG 18 2011

CENTRAL DISTRICT OF CALIFORNIA
BY                         DEPUTY

O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JEREMY HOLLIS,<br><br>    Petitioner,<br><br>    v.<br><br>JAMES A. YATES, Warden,<br><br>    Respondent. | Case No. CV 11-3455-JVS (MLG)<br><br>SUPPLEMENTAL REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

On August 15, 2011, the Court issued a Report and Recommendation in this case addressing five claims for relief. However, on July 27, 2011, the Court had granted a motion to amend allowing Petitioner to withdraw a sixth claim for relief and add a new, exhausted claim alleging cumulative error. The cumulative error claim was not addressed. Respondent had filed a supplemental answer to the petition addressing cumulative error on August 2, 2011, and Petitioner filed his supplemental reply on August 15, 2011. The Court will now address the claim that Petitioner is entitled to relief based upon cumulative error.

The combined effect of multiple trial errors may give rise to a due process violation if it renders a trial fundamentally unfair, even where each error considered individually would not require reversal. *Parle v. Runnels*, 505 F.3d 922, 927 (9th Cir. 2007) (citing *Chambers v. Mississippi*, 410 U.S. 284, 290 n.3 (1973)). The fundamental question in determining whether the combined effect of trial errors violated a defendant's due process rights is whether the errors rendered the criminal defense "'far less persuasive than it might [otherwise] have been.'" *Parle*, 505 F.3d at 927 (quoting *Chambers*, 410 U.S. at 294). Cumulative error warrants habeas relief "only if the error[s] had a 'substantial or injurious effect' on the verdict." *Id.* (quoting *Brecht*, 507 U.S. at 637-38)1; *Alcala v. Woodford*, 334 F.3d 862, 893 (9th Cir. 2003). The cumulative effect of multiple errors is considered harmless "[i]f the evidence of guilt [was] otherwise overwhelming." *Parle*, 505 F.3d at 928.

Here, Petitioner's cumulative error claim fails because he has not shown the existence of any constitutional error at all. Further, as discussed in the Report and Recommendation, any alleged error would be deemed harmless under *Brecht*. Accordingly, Petitioner is not entitled to relief on his claim of cumulative error.

For the reasons stated here and in the August 15, 2011, Report and Recommendation, the petition should be denied.

Dated: August 18, 2011

_____
Marc L. Goldman
United States Magistrate Judge